Filed 12/11/08          NO. 4-08-0225

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| WILBERN F. HURLBERT and SHARI HARRINGTON, as Co-Special Administrators of the Estate of HELEN I. HURLBERT, Deceased, | ) ) ) ) | Appeal from Circuit Court of Champaign County No. 06L121 |
| Plaintiffs-Appellees, | ) | |
| v. | ) | |
| SCOT E. BREWER, D.D.S., d/b/a C-U DENTURE SERVICE; and AMERICAN INTERNATIONAL GROUP, | ) ) ) | |
| Defendants, | ) | |
| and | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY of PITTSBURGH, PENNSYLVANIA, | ) ) | Honorable Jeffrey B. Ford, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In June 2004, Helen I. Hurlbert died after having 16 teeth removed in one setting by defendant, Scot E. Brewer, D.D.S., who was doing business as C-U Denture Service. In June 2006, plaintiffs, Wilbern F. Hurlbert and Shari Harrington, as co-special administrators of Helen's estate, filed a four-count complaint against Brewer. In August 2006, plaintiffs filed an amendment to their complaint, seeking a declaratory judgment against defendants, National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union), and American International Group (AIG), regarding insurance coverage of Brewer. In November 2006, plaintiffs filed a motion for entry of judgment based on a stipulation with Brewer. On December 7, 2006, the trial court approved the stipulation and entered a $100,000 judgment in plaintiffs' favor and against Brewer.

In April 2007, National Union entered an appearance in this case. That same month, plaintiffs filed a motion for dismissal without prejudice of the claim asserted against National Union and AIG, which the trial court granted in May 2007. In July 2007, plaintiffs and Brewer filed a petition to amend the December 7, 2006, judgment under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2006)), seeking to increase the judgment to $500,000 based on their mutual mistake as to the insurance policy limits. That same month, the court granted plaintiffs and Brewer's petition and amended the December 7, 2006, as requested. In October 2007, National Union filed a petition to vacate the July 2007 order under section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West Supp. 2007)). The next month, plaintiffs filed a motion to dismiss National Union's petition to vacate. After a February 2008 hearing, the court granted plaintiffs' motion to dismiss, finding National Union lacked standing to file its petition to vacate.

National Union appeals, contending the trial court erred by dismissing its petition to vacate because it does have standing to challenge the court's July 2007 order. National Union also asserts we should grant its petition to vacate, but we decline to address that issue since it is premature. We reverse and remand.

## I. BACKGROUND

The June 8, 2006, complaint named only Brewer as a

defendant.  On July 3, 2006, attorneys from the law firm of Querry & Harrow, Ltd., entered Brewer's appearance.  In August 2006, Querry & Harrow filed a motion to withdraw as Brewer's counsel.  The motion indicated AIG hired Querry & Harrow to represent Brewer in this litigation.  Shortly, after Querry & Harrow filed an appearance on Brewer's behalf, the firm received notice AIG was denying coverage of Brewer for this lawsuit.  Additionally, the motion stated AIG reserved the right to file a declaratory-relief action.  Plaintiffs filed an answer to the motion, requesting the trial court deny the motion and enter a declaratory judgment that AIG provide insurance for Brewer as to plaintiffs' claim.

In response to the motion to withdraw, plaintiffs also filed a motion for leave to file an amendment to their complaint. The proposed amendment was a declaratory-judgment action against National Union and AIG, seeking a judgment as to the nature, extent, and amount of insurance coverage that AIG and National Union had to provide Brewer for plaintiffs' claim.  The amendment also requested the trial court to reserve ruling on Querry & Harrow's motion for leave to withdraw until the declaratory-judgment action was decided.  Plaintiffs served their motion and proposed amendment on Querry & Harrow.

On August 24, 2006, the trial court first held a hearing on the motion for leave to withdraw as counsel and granted it.  The court then held a hearing on the motion for leave to file an amendment to the complaint and granted it

- 3 -

without objection. The proposed amendment was filed instanter. A report of proceedings for those hearings is not included in the record on appeal. Moreover, the record on appeal does not contain any evidence the amendment to the complaint was served on National Union and AIG after the amendment was filed.

On November 30, 2006, plaintiffs filed a motion for entry of judgment based on a stipulation. Plaintiffs and Brewer agreed Brewer would waive a jury trial and stipulate to the entry of a judgment against him in the amount of National Union's policy limit as to this claim, specifically, $100,000 plus costs of the suit. They also agreed Brewer would assign his bad-faith claim against National Union to the plaintiffs and plaintiffs would solely look to National Union to satisfy the judgment. On December 7, 2006, the trial court entered a judgment in favor of plaintiffs and against Brewer for $100,000 plus costs of the suit. The judgment also approved Brewer's assignment of his potential bad-faith claim against National Union. On January 29, 2007, Brewer executed an assignment document.

In February 2007, plaintiffs filed a new and separate complaint for declaratory judgment against National Union, asserting National Union's refusal to defend and indemnify Brewer up to the amount of the insurance coverage was in bad faith. Hurlbert v. National Union Fire Insurance Company of Pittsburgh, Pennsylvania, No. 07-L-34 (Cir. Ct. Champaign Co.) (hereinafter case No. 34). Plaintiffs prayed for a judgment against National Union in the amount of $100,000, their attorney fees, an addi-

- 4 -

tional sum of $25,000, and costs of the suit.

On April 26, 2007, the law firm of Purcell & Wardrope, CHTD., filed an appearance on behalf of National Union in this case. National Union also filed a motion to consolidate this case with case No. 34, asserting the cases addressed the same issue of insurance coverage for Brewer as to plaintiffs' claim. The next day, plaintiffs filed a motion for the voluntary dismissal without prejudice of their declaratory-judgment action against National Union and AIG in this case, which the trial court granted on May 18, 2007.

On July 11, 2007, plaintiffs and Brewer filed a joint petition to amend the judgment under section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2006)), seeking to increase the judgment from $100,000 to $500,000. The petition asserted that, at the time of the stipulation, plaintiffs and Brewer mistakenly believed the insurance coverage was limited to $100,000 per person. On May 10, 2007, plaintiffs received discovery in case No. 34 that indicated the insurance coverage was actually $500,000 per person. On July 19, 2007, the trial court entered an order, amending the December 7, 2006, judgment to the amount of $500,000 plus costs of the suit.

On October 29, 2007, National Union filed a petition to vacate the July 19, 2007, order under section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West Supp. 2007)), asserting plaintiffs and Brewer's mutual mistake was not a sufficient basis for granting their petition to amend the judgment. The petition

also noted Brewer had been informed of his policy limits about six months before the December 7, 2006, judgment.  On November 15, 2007, plaintiffs filed a motion to dismiss National Union's petition to vacate.  The motion to dismiss asserted National Union lacked standing to file its petition to vacate because it was no longer a party to the case and did not file a petition to intervene.  Plaintiffs and National Union then exchanged various memoranda, affidavits, and authority regarding the motion to dismiss and the petition to vacate.

In December 2007, plaintiffs filed a motion to consolidate this case with case No. 34.  The record on appeal contains no evidence the trial court addressed this motion.  Moreover, plaintiffs filed a supplemental motion to dismiss, asserting National Union breached its insurance contract with Brewer and thus was estopped from challenging the judgment against Brewer.  Plaintiffs and National Union then filed responsive memoranda on the supplemental motion to dismiss.

On February 21, 2008, the trial court held a hearing on plaintiffs' motion to dismiss the petition to vacate and National Union's petition to vacate.  The court found the initial matter that needed to be determined was National Union's standing to file the petition to vacate.  After hearing the parties' arguments, the court granted the motion to dismiss, finding National Union lacked standing to file the petition.  The court addressed neither plaintiffs' supplemental motion to dismiss nor the merits of National Union's petition to vacate.  Moreover, the court

believed the dismissal order disposed of the entire case but made a finding of appealability under Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). On February 29, 2008, the court entered a written order consistent with its oral ruling at the hearing.

Since this case was never consolidated with case No. 34, the trial court's dismissal of the petition to vacate based on standing disposed of the entire controversy between National Union and all of the parties in this case and was an adjudication on the merits (see 134 Ill. 2d R. 273). Thus, the order was a final and appealable order under Supreme Court Rules 301 and 303 (155 Ill. 2d R. 301; 210 Ill. 2d R. 303). See People for Use of Howarth v. Gulf, Mobile, & Ohio R.R. Co., 125 Ill. App. 2d 473, 475-76, 261 N.E.2d 221, 222 (1970) (finding a court's dismissal based on lack of standing was an adjudication on the merits and an appealable judgment under Rule 301). On March 20, 2008, National Union filed a notice of appeal from the February 29, 2008, order in substantial compliance with Rule 303 (210 Ill. 2d R. 303).

## II. ANALYSIS

### A. Plaintiffs' Appellee Brief

National Union points out plaintiffs failed to provide citation to the record on appeal in both the supplemental statement of facts and the argument section of their brief in violation of Supreme Court Rules 341(h)(6) and 341(h)(7) (210 Ill. 2d Rs. 341(h)(6), (h)(7)). National Union requests we strike plaintiffs' appellee brief or disregard the offending sections.

- 7 -

While an appellee is not required to submit a statement of facts (see 210 Ill. 2d R. 341(i)), if he elects to do so, he must also comply with Rule 341(h)(6). See Merrifield v. Illinois State Police Merit Board, 294 Ill. App. 3d 520, 527, 691 N.E.2d 191, 197 (1997). Here, plaintiffs' appellee brief does fail to comply with Rules 341(h)(6) and 341(h)(7).

"Where violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted." Merrifield, 294 Ill. App. 3d at 527, 691 N.E.2d at 197. We conclude plaintiffs' violations of the supreme court rules do not hinder our review of the case since we reviewed the record as a whole in addressing National Union's arguments. However, a reviewing court will not consider any facts dehors the record and any claims based on such facts. See People v. Newbolds, 364 Ill. App. 3d 672, 676, 847 N.E.2d 614, 618 (2006). Accordingly, we will not strike plaintiffs' brief but will disregard any fact or claim not supported by the record.

### B. Standard of Review

National Union asserts the appropriate standard of review of the trial court's February 2008 judgment is de novo because the court dismissed its petition to vacate due to a lack of standing. See In re Estate of Schlenker, 209 Ill. 2d 456, 461, 808 N.E.2d 995, 998 (2004). Plaintiffs contend the appropriate standard of review is abuse of discretion because the court denied National Union's petition to vacate the July 2007

order, "which the court treated as the antecedent requisite of a petition to intervene."  See Regnery v. Meyers, 345 Ill. App. 3d 678, 683, 803 N.E.2d 504, 509 (2003) (petition to intervene); Paul v. Gerald Adelman & Associates, Ltd., 223 Ill. 2d 85, 95, 858 N.E.2d 1, 7 (2006) (petition to vacate).

In both its written and oral orders, the trial court indicated it was granting plaintiffs' motion to dismiss National Union's motion to vacate based on National Union's lack of standing.  Further, the trial court never addressed the merits of a request to intervene and the petition to vacate.  Accordingly, we agree with National Union the proper standard of review is de novo.

## C. Standing

National Union asserts it has standing to file a petition to vacate the July 19, 2007, order because (1) it is a party to this case, and (2) if not a party, it will be injured by the increased judgment and will derive a benefit from the July 19, 2007, order being vacated.

National Union notes "'[a] party is one who is named as such in the record and has been properly served with summons or has entered an appearance.'"  St. Paul Fire & Marine Insurance Co. v. Downs, 247 Ill. App. 3d 382, 388-89, 617 N.E.2d 338, 342 (1993), quoting Collins v. St. Jude Temple No. 1, 157 Ill. App. 3d 708, 711, 510 N.E.2d 979, 981 (1987).  While National Union was named as a defendant in August 2006, it did not enter its appearance until April 26, 2007.  Then, on May 18, 2007, the

- 9 -

trial court dismissed without prejudice plaintiffs' sole claim against National Union, and National Union was no longer a party to this litigation (see Nestle USA, Inc. v. Dunlap, 365 Ill. App. 3d 727, 731, 852 N.E.2d 282, 285 (2006)).  Thus, National Union was not a party when (1) the original December 7, 2006, judgment was entered; (2) Brewer and plaintiffs filed their section 2-1401 petition; and (3) the trial court granted Brewer and plaintiffs' section 2-1401 petition on July 19, 2007.  Accordingly, we find National Union was not a party to the litigation with respect to the July 19, 2007, order that it sought to vacate.

We note that, in its reply brief, National Union argues for the first time it is also a party to the July 19, 2007, judgment because it had a stake in that judgment.  We decline to address that contention because National Union forfeited it by failing to raise it in its initial brief.  See 210 Ill. 2d R. 341(h)(7); Peltier v. Collins, 382 Ill. App. 3d 773, 780, 888 N.E.2d 1224, 1230 (2008).

National Union contends it still had standing to file the section 2-1401 petition as a nonparty because it will be injured by the increased judgment and will derive a benefit from the July 19, 2007, order being vacated.  In In re J.D., 317 Ill. App. 3d 445, 449-50, 739 N.E.2d 1043, 1047-48 (2000), this court stated the following with regard to section 2-1401 petitions brought by nonparties:

> "A nonparty to a judgment has no standing to
> seek relief from that judgment by filing a

- 10 -

section 2-1401 petition.  See <u>Gay v. Open</u> <u>Kitchens, Inc.</u>, 100 Ill. App. 3d 968, 972, 427 N.E.2d 338, 342 (1981).  Section 2-1401 was never intended to permit a person not a party to the action to intervene after final judgment and reopen the suit so as to permit a new claim to be filed.  <u>In re Estate of</u> <u>Reilly</u>, 68 Ill. App. 3d 906, 910, 386 N.E.2d 462, 465 (1979)."

As to standing, this court's broad statement in <u>J.D.</u> is generally true.  See Restatement (Second) of Judgments §64, Comment <u>d</u>, at 149 (1982).  However, a few narrow exceptions have been recognized.  See Restatement (Second) of Judgments §64(d) and Comment <u>d</u>, at 149 (1982).  Under Illinois case law, a nonparty may seek relief under section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West Supp. 2007)) if the person is (1) privy to the record, (2) injured by the judgment and will derive benefit from its reversal, or (3) competent to release error. See <u>Reilly</u>, 68 Ill. App. 3d at 910, 386 N.E.2d at 465; see also <u>Clayton v. Mimms & Co.</u>, 68 Ill. App. 3d 443, 445, 386 N.E.2d 452, 454 (1979); <u>Frandsen v. Anderson</u>, 108 Ill. App. 2d 194, 201, 247 N.E.2d 183, 187 (1969).  Additionally, we note that, while the case of <u>Browning, Ektelon Division v. Williams</u>, 256 Ill. App. 3d 299, 301-02, 628 N.E.2d 878, 881 (1993), uses the term "party" before setting forth the aforementioned exceptions, it cites to <u>Reilly</u>, which referred to nonparties.

- 11 -

In case No. 34, plaintiffs sought to hold National Union liable for the $100,000 judgment against Brewer, which was entered on December 7, 2006. The trial court's July 19, 2007, order increased the judgment against Brewer to $500,000. Thus, National Union was injured by the July 19, 2007, order, from which it seeks relief, because the order increased National Union's potential liability to plaintiffs in case No. 34 by $400,000.

This case is similar to Browning, 256 Ill. App. 3d at 302, 628 N.E.2d at 881, where the First District found Browning had standing to file a section 2-1401 petition after considering the three exceptions contained in Reilly. We note whether Browning was or was not a party is irrelevant because the First District addressed Reilly's nonparty exceptions. In Browning, 256 Ill. App. 3d at 299-301, 628 N.E.2d at 879-80, the parties in the original suit were a former sales representative and Browning's Ektelon division, which was a wholly owned subsidiary of Browning. During the litigation, Browning sold Ektelon to another company. Browning, 256 Ill. App. 3d at 301, 628 N.E.2d at 880. The former sales representative obtained a judgment against Ektelon and sought to satisfy his judgment by citing the assets of Browning. Browning, 256 Ill. App. 3d at 301-02, 628 N.E.2d at 880-81. The First District concluded Browning satisfied both the privy and injury exceptions. Browning, 256 Ill. App. 3d at 302, 628 N.E.2d at 881.

As to the intervention statement in J.D., this court

- 12 -

cited <u>Reilly</u> in support of it. <u>J.D.</u>, 317 Ill. App. 3d at 450, 739 N.E.2d at 1047-48. The <u>Reilly</u> court noted the general rule in Illinois that "a person cannot intervene after the rights of the original parties have been determined and a final decree entered." <u>Reilly</u>, 68 Ill. App. 3d at 910, 386 N.E.2d at 466. The <u>Reilly</u> court also stated it was unaware of any case law allowing a nonparty to open a judgment for "the purpose of raising a new claim against one of the original parties to the judgment." <u>Reilly</u>, 68 Ill. App. 3d at 910, 386 N.E.2d at 465-66. Such a purpose was inconsistent with the purpose of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72 (now 735 ILCS 5/2-1401 (West Supp. 2007))), which was "to present to the trial court new matters of fact not appearing in the record which if known to the court when the judgment was rendered would have prevented its rendition." <u>Reilly</u>, 68 Ill. App. 3d at 910, 386 N.E.2d at 466.

Here, the July 19, 2007, judgment was the result of plaintiffs and Brewer's section 2-1401 petition that alleged mutual mistake as to Brewer's insurance policy limits. In its section 2-1401 petition, National Union seeks, <u>inter alia</u>, to present facts regarding Brewer's knowledge of his policy limits prior to the December 7, 2006, order. Such facts could have shown no mistake on Brewer's part and thus prevented the trial court from granting plaintiffs and Brewer's section 2-1401 petition based on mutual mistake. Thus, unlike the petitions at issue in <u>Reilly</u> and <u>J.D.</u>, National Union's petition is consistent

with the purpose of section 2-1401.

Accordingly, we find National Union had standing to intervene and file its petition to vacate under section 2-1401 of the Procedure Code.

Last, we note this case is on appeal from the grant of a motion to dismiss, and thus we also decline to address the merits of National Union's petition to vacate.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's grant of plaintiffs' motion to dismiss and remand for further proceedings.

Reversed and remanded.

MYERSCOUGH and STEIGMANN, JJ., concur.