*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, For Order and Judgment and Sale of Land and Lots Returned Delinquent for the Nonpayment of General Real Estate Taxes for the Year 1996 and Prior Years (Jerome Sirt, Petitioner-Appellant, v. GB Property Management, Inc., Respondent-Appellee).

First District (5th Division)    No. 1—01—3279

Opinion filed August 2, 2002.

356

Paul C. Alexander, of Chicago, for appellant.

Carter & Reiter, Ltd., of Chicago (Terry J. Carter and Gregory M. Reiter, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Petitioner Jerome Sirt appeals an order of the circuit court of Cook County declaring the court's prior order directing the issuance of a tax deed, and the resulting tax deed, void and of no legal effect. The trial court's order was entered upon the motion of respondent GB Property Management, Inc. (GB).

The record on appeal discloses the following facts. On September 21, 1999, TLC Acquisitions, Inc. (TLC), filed a petition for a tax deed regarding a parcel in Cook County, Illinois, with the permanent index number 16—21—308—009—0000. In the petition, TLC alleged that the parcel was sold by the Cook County treasurer at the annual tax sale held on January 10, 1997. TLC also alleged that it was issued a certificate of purchase and that the redemption period would expire on January 10, 2000.

On February 1, 2000, TLC applied for an order directing the county clerk to issue a tax deed. The record on appeal contains a notarized affidavit in support of TLC's application by Wendy A. Williams, who the record shows was TLC's attorney. The Williams affidavit listed R.A.M. Recovery as an occupant or an entity in actual possession of the property. The Williams affidavit listed GB, among others, as a party with an interest in the property. The Williams affidavit also listed GB as a party that could not be located upon diligent inquiry and, thus, was served by publication and certified mail to the last known address.

On July 24, 2000, Sirt moved to be substituted as the petitioner, alleging that he was the assignee of all title and interest in the certificate of purchase. Although Sirt does not identify an order or entry in the record granting this motion, the transcript of proceedings shows that the trial court granted this motion on August 8, 2000. At the August 8, 2000, hearing, Louis Bergmann, a supervisor of the due diligence department for TLC, testified that the street address of the parcel at issue was 1941 S. 54th Avenue, in Cicero, Illinois. Bergmann also testified that the lot was used to store towed automobiles. According to Bergmann, a sign indicated that the name of the business was R.A.M. Recovery. Bergmann stated that he asked an R.A.M. Recovery employee who managed the property; the employee replied that the property was managed by GB. During the same hearing, Sirt's attorney asserted that GB had no interest of record in the property. The trial court entered an order on September 6, 2000, directing the issuance of a tax deed to Sirt.

On October 6, 2000, respondent GB filed a motion to vacate, for rehearing or other relief. GB alleged that it was the "manager and rent collector" when the trial court entered the order directing the issuance of a tax deed. GB asserted in part that the tax deed was void because it was not recorded within one year from the expiration of the redemption date. GB alleged that extensions of the redemption period were filed with the county clerk on a number of occasions, including July 13, 1998. GB attached a "Notice of Extension of Period of Redemption," received by the county clerk on July 13, 1998, with an extended expiration date of October 30, 1998, to the motion. GB alleged that the next such notice was received by the county clerk on December 7, 1998, and attached said notice to the motion also. GB also alleged that no notice for the period between October 30, 1998, and December 7, 1998, was tendered to the court at the prove-up hearing on the petition. GB further alleged that no such extension was on record with the county clerk. Thus, GB argued that the extended redemption period expired on October 30, 1998, and that the tax deed was void because Sirt failed to petition to obtain the tax deed within the times specified in the Property Tax Code (Code) (35 ILCS 200/1—1 (West 1998)).

On March 6, 2001, Sirt answered GB's motion. Sirt denied that GB had authority to manage or collect rent on the property, but admitted that the extended redemption period expired on October 30, 1998. Sirt asserted that GB lacked standing to challenge the issuance of the tax deed because it had no real interest in the action. Sirt attached a number of documents to its answer, including correspondence with R.A.M. Recovery regarding liability insurance, certificates of insurance

showing R.A.M. Recovery as the insured and GB as the certificate holder, and copies of numerous checks drafted by R.A.M. Recovery to the order of GB.

On June 20, 2001, following a hearing on the matter, the trial court entered an order declaring its September 6, 2000, order, directing the issuance of a tax deed, void and of no legal effect. The order also declared that the tax deed issued to Sirt for the property was also void and of no legal effect. The trial court found no just reason to delay enforcement or appeal of the order.

On July 19, 2001, Sirt filed a motion for reconsideration. Sirt sought to have the June 20, 2001, order vacated or, in the alternative, a ruling that Sirt was entitled to the amount necessary to redeem the property or a refund of the purchase price under the Property Tax Code. The trial court denied the motion to reconsider on August 8, 2001; Sirt now appeals.

## I

■ On appeal, Sirt renews his argument that GB lacked standing to file a motion to vacate the order for a tax deed. The essence of the standing inquiry is not the subject matter *per se*, but whether a litigant, either in an individual or representative capacity, is entitled to have the court decide the merits of a particular dispute or issue. See *In re Estate of Wellman*, 174 Ill. 2d 335, 345, 673 N.E.2d 272, 276 (1996). Standing in Illinois requires only some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492, 524 N.E.2d 561, 574-75 (1988).

■ In this case, the order appealed from does not simply vacate the trial court's prior order, but declares that the prior order, and the tax deed issued pursuant to that order, are void. Courts have a duty to vacate and expunge void orders from court records and thus may *sua sponte* declare an order void. *E.g.*, *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511, 748 N.E.2d 222, 226 (2001). The issue of whether GB had standing, or the right to redeem the property, is beside the point.[1] The transcript of proceedings for

---

[1]We note, however, that "it is plain that a party may redeem on behalf of the owner even where the party lacks any interest in the property, lacks explicit authorization from the owner, or tenders his own money without the assurance of reimbursement. Also, the mere fact that the party redeems out of his own economic interest does not mean he does not do so on the owner's behalf as well. The relationship between the owner and the redeemer may be such that a valid redemption promotes both their interests." *In re Application of the County Treasurer & ex officio County Collector*, 301 Ill. App. 3d 672, 679, 704 N.E.2d 910, 914 (1998).

August 8, 2001, shows that the trial court's decision was based on the rule that it had the power to expunge a void order *sua sponte*. The trial court did not err in this regard.

## II

Sirt next contends that the trial court did not lose jurisdiction to enter an order directing the issuance of a tax deed. However, the issue in this case was *not* whether the order and the tax deed were void for lack of jurisdiction. To the contrary, GB's motion to vacate expressly argued that the trial court *had* jurisdiction, but that the deed, and the sale on which it was based, were void under the relevant provisions of the Code.

■ Section 22—85 of the Code provides in part as follows:

"Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, *and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement.* If the holder of the certificate is prevented from obtaining a deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one year period." (Emphasis added.) 35 ILCS 200/22—85 (West 1998).

Thus, the analysis must begin with the question of when the redemption period expired.

■ In this case, the tax sale purchaser extended the redemption period on a number of occasions, pursuant to section 21—385 of the Code, which provides as follows:

"The purchaser or his or her assignee of property sold for nonpayment of general taxes or special assessments may extend the period of redemption at any time before the expiration of the original period of redemption, or thereafter prior to the expiration of any extended period of redemption, for a period which will expire not later than 3 years from the date of sale, by filing with the county clerk of the county in which the property is located a written notice to that effect describing the property, stating the date of the sale and specifying the extended period of redemption. If prior to the expiration of the period of redemption or extended period of redemption a petition for tax deed has been filed under Section 22—30, upon application of the petitioner, the court shall allow the purchaser or his or her assignee to extend the period of redemption after expiration of the original period or any extended period of

redemption, provided that any extension allowed will expire not later than 3 years from the date of sale. If the period of redemption is extended, the purchaser or his or her assignee must give the notices provided for in Section 22—10 at the specified times prior to the expiration of the extended period of redemption by causing a sheriff (or if he or she is disqualified, a coroner) of the county in which the property, or any part thereof, is located to serve the notices as provided in Section 22—15 and 22—20. The notices may also be served as provided in Sections 22—15 and 22—20 by a special process server appointed by the court under Section 22—15." 35 ILCS 200/21—385 (West 1998).

Section 21—385 clearly requires that any extension be made prior to the expiration of the original or extended redemption period. "[T]he primary purpose of the tax sales provisions of the Property Tax Code is to coerce tax delinquent property owners to pay their taxes, not to assist tax petitioners in depriving the true owners of their property." *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710, 692 N.E.2d 1211, 1216 (1998).

In this case, Sirt admits there is a gap between the "Notice of Extension of Period of Redemption," received by the county clerk on July 13, 1998, with an extended expiration date of October 30, 1998, and the next such notice received by the county clerk on December 7, 1998. Sirt cites no authority for the proposition that the latter was validly filed with the county clerk. Nor can Sirt show that he timely took out or recorded the deed within a year from the expiration of the extended redemption period on October 30, 1998. Nor has Sirt shown that there was some legal excuse for the gap between October 30 and December 7, 1998.

Sirt argues that the statutory period could be tolled, citing *In re Application of the County Treasurer & ex officio County Collector*, 309 Ill. App. 3d 181, 721 N.E.2d 745 (1999) (*Bowman*), and *In re Application of the County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale of Lands & Lots Upon Which All or a Part of the General Taxes for Five or More Years are Delinquent*, 225 Ill. App. 3d 349, 587 N.E.2d 1232 (1992) (*City of Chicago*). Both cases held that the tolling provisions of section 22—85 applied where there were ongoing proceedings that precluded the issuance of a tax deed within the prescribed time period. In *City of Chicago*, this court distinguished *In re Application of Rosewell*, 209 Ill. App. 3d 187, 190-91, 568 N.E.2d 89, 91 (1991), which held that the statutory period was not tolled where the petitioner "was merely faced with the ordinary delays incident to the processing of cases in the circuit court" and had waited until the last month of the year following the expiration of the redemption period.

■ In this case, the holder of the certificate was not prevented from obtaining a deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed. To the contrary, the record shows that the petition was filed on September 21, 1999—22 days before the expiration of the one-year period specified in section 22—85. Sirt has not shown that the proceedings on his petition were delayed by the filing of an objection in the first instance. Accordingly, this case more closely resembles *Wolf* than *Bowman* or *City of Chicago*.

Furthermore, the trial court entered the order directing the issuance of a tax deed on September 6, 2000. GB moved to vacate on October 6, 2000. Sirt's motion to vacate or reconsider the order now on appeal states that the tax deed was recorded on October 10, 2000. Thus, even if this court were to assume *arguendo* that the rule of *Bowman* and *City of Chicago* should extend to uncontested proceedings, such that the period between the filing of the petition and the order directing the issuance of a tax deed was tolled, the record shows that Sirt failed to record his tax deed within the time provided by law, which he would have been able to do prior to the filing of GB's motion.

In sum, Sirt has failed to show that the trial court erred in this regard.

## III

■ Sirt contends in the alternative that the trial court's order should have required that he be reimbursed pursuant to section 22—80 of the Code, which provides in part as follows:

"Any order of court vacating an order directing the county clerk to issue a tax deed based upon a finding that the property was not subject to taxation or special assessment, or that the taxes or special assessments had been paid prior to the sale of the property, or that the tax sale was otherwise void, shall declare the tax sale to be a sale in error pursuant to Section 21—310 of this Act. The order shall direct the county collector to refund to the tax deed grantee or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate) the following amounts ***." 35 ILCS 200/22—80 (West 1998).

However, in cases involving the predecessor statutes to those at issue here, Illinois courts have routinely held that there is no right to reimbursement where the purchaser fails to timely take out and register the deed, because the language now found in section 22—85 is more specific than the language now found in section 22—80. *E.g.*, *In re Application of Rosewell*, 209 Ill. App. 3d 187, 190-92, 568 N.E.2d 89, 91-92 (1991). Thus, Sirt's argument fails.

## IV

■ Finally, Sirt contends in the alternative that the trial court's order should have required that he be reimbursed pursuant to section 22—50 of the Code, which provides as follows:

"If the court refuses to enter an order directing the county clerk to execute and deliver the tax deed, because of the failure of the purchaser to fulfill any of the above provisions, and if the purchaser, or his or her assignee has made a bona fide attempt to comply with the statutory requirements for the issuance of the tax deed, it shall order the return of the purchase price forthwith, as in case of sales in error, except that no interest shall be paid on the purchase price." 35 ILCS 200/22—50 (West 1998).

However, in this case, the trial court did not refuse to enter an order directing the county clerk to execute and deliver the tax deed. Section 22—85 of the Code is not a provision "above" section 22—50. Moreover, section 22—85 is controlling because it is more specific than section 22—50. See *In re Application of Rosewell*, 209 Ill. App. 3d at 190-92, 568 N.E.2d at 91-92. Nor has Sirt pointed to evidence showing that there was a *bona fide* attempt to comply with section 21—385 regarding the redemption period that expired on October 30, 1998.

For all of the aforementioned reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

GREIMAN and QUINN, JJ., concur.