2018 IL App (3d) 160659

Opinion filed April 16, 2018

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2018

| | | |
|---|---|---|
| *In re* APPLICATION OF THE WILL COUNTY COLLECTOR | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| (Citimortgage, Inc., | ) ) | |
| Petitioner-Appellee, | ) ) | Appeal No. 3-16-0659 Circuit No. 11-TX-277 |
| v. | ) ) | |
| Sass Muni V, | ) ) | Honorable John C. Anderson, |
| Respondent-Appellant). | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and Wright concurred in the judgment and opinion.

**OPINION**

¶ 1 The circuit court entered an order directing that a tax deed be issued to the respondent, Sass Muni V (SASS), as to a parcel of real property. More than two years later, the petitioner, Citimortgage, Inc. (Citi), filed a petition seeking relief from the circuit court's order pursuant to section 2-1401 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1401 (West 2014)). In its petition, Citi argued in the alternative that: (1) the tax deed was void with no right to reimbursement under section 22-85 of the Illinois Property Tax Code (Code) (35 ILCS 200/22-

85 (West 2012)) because SASS failed to record the deed within one year of the expiration of the redemption period; or (2) the circuit court's order issuing the tax deed was void because the tax sale notices served by SASS were so devoid of any meaningful information as to violate due process.

¶ 2     The parties filed cross-motions for summary judgment on Citi's petition. The circuit court granted Citi's motion for summary judgment and denied SASS's motion for summary judgment. SASS filed a motion to reconsider, which the circuit court denied. SASS appeals the circuit court's judgment.

¶ 3                                          FACTS

¶ 4     On July 18, 2011, SASS filed a petition for a tax deed alleging that: (1) SASS had purchased the delinquent 2007 real estate taxes for a property in Will County; (2) SASS had served or diligently attempted to serve a tax sale notice to all persons or parties with an interest in the property, as required by section 22-30 of the Code (35 ILCS 200/22-30 (West 2012)); and (3) the property had not been redeemed from sale by any such party. On July 19, 2012, the circuit court entered an order granting SASS's petition and directing the issuance of a tax deed to SASS. The circuit court's July 19, 2012, order stated that SASS had "either served or exercised diligent effort in attempting to find and serve" a timely tax sale notice on any and all persons or parties entitled to such notice. The order further stated that the real estate at issue had not been redeemed from the tax sale held on November 6, 2008, and that "the time to redeem this property from the sale expired on November 3, 2011." SASS recorded the deed on September 7, 2012.

¶ 5     On September 12, 2014, more than two years after the circuit court entered the order directing the issuance of a tax deed, Citi filed a petition for relief from that order under section 2-1401 of the Code of Civil Procedure. On December 9, 2014, Citi filed an amended petition under

2

section 2-1401 arguing in the alternative that: (1) the tax deed was void with no right to reimbursement pursuant to section 22-85 of the Code because it was not recorded within one year of the expiration of the redemption period; or (2) the circuit court's order was void because the tax sale notices contained the incorrect property PIN number and incorrectly described the property, and were therefore so devoid of meaningful information as to violate due process. Citi filed a motion for summary judgment in support of its petition.

¶ 6    SASS filed a cross-motion for summary judgment arguing that: (1) the circuit court's order was not void; (2) Citi had failed to file its petition within the two-year time limit prescribed by section 2-1401 and failed to demonstrate diligence as required by that section; and (3) Citi had failed to establish that it was entitled to any of the four grounds for relief listed in section 22-45 of the Code (35 ILCS 200/22-45 (West 2014)). The circuit court informed the parties that it would consider the pleadings and issue its ruling by mail without hearing oral argument.

¶ 7    On March 22, 2016, the circuit court e-mailed both parties' counsel stating that it had reviewed the pleadings and was "inclined to find in favor of [Citi] based on inadequate notice of tax sale, and declare void the July 19, 2012, order and the September 7, 2012, tax deed." The court asked the parties to submit an order consistent with the court's direction. The parties submitted a draft order, which the court signed on March 28, 2016. The order contained a finding that the tax sale notices were insufficient, but did not include an express finding that the tax deed was void with no right to reimbursement because it was not recorded within one year of the expiration of the redemption period.[1] On June 16, 2015, after Citi had tendered certain

---

[1] The order stated that the court "adopts the arguments asserted by [Citi]" and "grants summary judgment on the bases set forth therein." However, the following sentence in the order stated merely that "[n]otice was insufficient." The order did not expressly state that the tax deed was void under section 22-85 of the Code.

3

monies as required by section 22-80 of the Code (35 ILCS 200/22-80 (West 2014)), the circuit court entered a final order declaring both the circuit court's order and the tax deed void.

¶ 8 Thereafter, SASS filed a motion to reconsider. The circuit court conducted a hearing on SASS's motion. On September 28, 2016, the circuit court issued an order denying SASS's motion to reconsider. The circuit court's September 28, 2016, order provided that the July 19, 2012, court order issuing the tax deed was void "for lack of adequate service and notice." Moreover, in the September 28, 2016, order, the circuit court expressly modified its prior summary judgment order "on its own motion, *** *nunc pro tunc*, to reflect that the tax deed was void without right of reimbursement."

¶ 9 This appeal followed.

¶ 10 ANALYSIS

¶ 11 On appeal, SASS argues that the circuit court erred in granting Citi's motion for summary judgment and in denying SASS's motion for summary judgment. Specifically, SASS challenges the circuit court's rulings that the tax deed was void without right of reimbursement and that the tax sale notices were insufficient.

¶ 12 When a section 2-1401 petition raises a purely legal challenge to a judgment by alleging that the judgment is void, we review the circuit court's ruling on the petition *de novo*. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47; *Tuna v. Airbus, S.A.S.*, 2017 IL App (1st) 153645, ¶ 34. Moreover, when parties file cross-motions for summary judgment, as here, they agree that only a question of law is involved and invite the court to decide the issues based on the record. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. When a case is decided through summary judgment, our review is *de novo*. *Id.* ¶ 30.

¶ 13    As noted above, the circuit court implicitly accepted Citi's argument that the tax deed was void without right of reimbursement under section 22-85 of the Code because the deed was not recorded within one year of the expiration of the redemption period. Section 22-85 provides, in pertinent part, that

> "[u]nless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement." 35 ILCS 200/22-85 (West 2012).

The length of the redemption period is set by statute. See 35 ILCS 200/21-350(b) (West 2012). However, the expiration of the statutory redemption period may be extended if the certificate holder (*i.e.*, the purchaser of the property during the tax sale or the purchaser's assignee) files a notice extending the redemption period before the redemption period expires. 35 ILCS 200/21-350(c) (West 2012); 35 ILCS 200/21-385 (West 2012); *In re Application of the County Treasurer*, 2012 IL App (1st) 101976 (*CCPI*).

¶ 14    Because the property at issue in this case was improved with a single family dwelling at the time of the tax sale, the statutory redemption period expired two years and six months after the date of sale. 35 ILCS 200/21-350(b) (West 2012). The sale occurred on November 6, 2008. Thus, absent a valid extension, the redemption period expired on May 6, 2011. The certificate holder had to record the deed within one year of that date (*i.e.*, by May 6, 2012) or the deed, and the tax sale upon which it was based, would be rendered null and void. 35 ILCS 200/22-85

5

(West 2012). In this case, the deed was not recorded until September 7, 2012. Thus, unless the certificate holder filed a timely notice to extend the statutory redemption period, the tax sale deed at issue in this case is a nullity.

¶ 15      SASS maintains that it filed notices extending the redemption period to November 3, 2011. In support of this assertion, SASS produced two "Extension List Reports" purporting to extend the expiration of the redemption period. Both reports indicate that the purported extensions were filed by "Sass Muni V," "[f]or Sass Fund." The first report, which purported to extend the redemption period for the property at issue to July 12, 2011, listed "MUNI V dtr" under the "WinBid" column. The second report, which purported to extend the redemption period for the same property to November 3, 2011, listed "US BANK–CUST/SASS MUNI V dtr" in the "WinBid" column. SASS argues that these notices validly extended the redemption period to November 3, 2011, which gave SASS until November 3, 2012, to record the deed.

¶ 16      As noted above, however, only the certificate holder (*i.e.*, the purchaser of the property at the tax sale or the assignee of the purchaser) may extend the redemption period. 35 ILCS 200/21-350(c) (West 2012); 35 ILCS 200/21-385 (West 2012); *CCPI*, 2012 IL App (1st) 101976, ¶¶ 39-41. Citi argues that the extension notices filed by SASS had no legal effect (*i.e.*, they did not extend the redemption period) because SASS was not the certificate holder at the time it filed the extension notices. We agree. The tax sale certificate for the property at issue identifies the purchaser as "US BANK-CUST/SASS MUNI V DTR" (US Bank). SASS does not argue that it is the same entity as US Bank, and it produced no evidence to that effect before the circuit court. Nor does SASS claim that it was acting as US Bank's agent when it filed the extension notices. Moreover, in its amended answer to Citi's 2-1401 petition, SASS admitted that the tax sale certificate was never assigned. Although SASS's unverified petition for tax

6

deed baldly alleged that SASS purchased the real estate at issue on November 6, 2008, SASS has never produced any evidence supporting that allegation. SASS has never presented any affidavits, testimony, or other documentary evidence rebutting Citi's argument that "US Bank," and not SASS, was the purchaser and the holder of the certificate of sale. As noted, the first notice of extension in this case was filed by "Sass Muni V" ("[f]or Sass Fund"), not by US Bank. Because this notice of extension was not filed by the certificate holder, it had no legal effect and could not have extended the statutory redemption period. *CCPI*, 2012 IL App (1st) 101976, ¶ 41 (holding that a notice purporting to extend the redemption period filed by a purchaser that had previously assigned the tax sale certificate and all of its rights in the property to another entity was a "nullity" and that the original redemption expiration date remained in effect).

¶ 17      The second notice of extension was also of no legal effect. Although the second notice lists the certificate holder (US Bank) in the "WinBid" column, it appears that the second notice was filed by "Sass Muni V" ("[f]or Sass Fund"), not by the certificate holder. However, even assuming *arguendo* that the certificate holder filed the second notice of extension, that notice would still have been a nullity because it was filed after the statutory redemption period expired on May 6, 2011. *In re Application of the County Treasurer*, 333 Ill. App. 3d 355, 361-62 (2002) (*Sirt*). As noted above, the statutory redemption period was not validly extended by the first notice. Accordingly, the initial redemption expiration date of May 6, 2011, remained in effect.[2]

¶ 18      Because SASS did not record the tax deed until September 7, 2012, sixteen months after the expiration of the redemption period, the deed and the tax sale on which is was based are void under section 22-85. 35 ILCS 200/22-85 (West 2012); see also *CCPI*, 2012 IL App (1st) 101976,

---

[2] In its verified responses to Citi's request to admit facts, SASS admitted that no other extension notices were filed in connection with the tax sale at issue.

¶ 41. Accordingly, the circuit court properly vacated its prior order issuing the tax deed. *Sirt*, 333 Ill. App. 3d at 360, 362.

¶ 19     SASS's arguments to the contrary are unavailing. SASS notes that, in its July 19, 2012, order directing the issuance of a tax deed, the circuit court expressly found that "[t]he time to redeem the property from the sale expired on November 3, 2011." According to SASS, this statement shows that the circuit court accepted SASS's argument that the redemption period had been validly extended to that date. However, the circuit court subsequently granted Citi's petition to vacate the July 19, 2012, order. In so ruling, the circuit court properly held that the tax deed was "void without right of reimbursement," thereby rejecting SASS's argument that the redemption period had been extended. Thus, the circuit court's initial finding to the contrary no longer stands. In any event, for the reasons set forth above, the circuit court's initial finding that the redemption period had been extended was incorrect.

¶ 20     SASS further argues that the circuit court erred by granting Citi's section 2-1401 petition because Citi failed to file its petition within the two-year deadline prescribed by section 2-1401 and failed to meet the pleading requirements of that section. Specifically, SASS argues that Citi failed to allege and prove that it acted with due diligence in defending the original action, and failed to plead diligence in bringing the 2-1401 petition to vacate and the existence of a meritorious defense. SASS further maintains that Citi's petition was fatally deficient for the additional reason that Citi failed to allege one of the four grounds upon which relief may be granted from an order for tax deed more than 30 days after entry of the order, as mandated by section 22-45 of the Code (35 ILCS 200/22-45 (West 2012)).[3] In support of these arguments,

---

[3] Section 22-45, which applies in conjunction with section 2-1401, lists four grounds upon which relief may be had from a tax deed by means of a section 2-1401 petition filed more than 30 days after entry of the order awarding the tax deed: (1) proof that the taxes were paid prior to the sale; (2) proof that the property was exempt from taxation; (3) proof by clear and convincing evidence that the tax deed had

SASS asserts that the circuit court's order directing the issuance of a tax deed cannot be deemed "void" because it is undisputed that the circuit court had jurisdiction to enter the order. SASS maintains that, if the circuit court made an error in issuing the order, that would render the order "voidable," but not "void." According to SASS, such an order may be vacated only when a petitioner meets both the requirements of section 2-1401 and the requirements of section 22-45 of the Code.

¶ 21    We do not find these arguments persuasive. The issue is not whether the court's order was void for lack of jurisdiction. (It was not.) Rather, the issue is whether the tax deed itself and the order issuing the deed were void under section 22-85 of the Code. *Sirt*, 333 Ill. App. 3d at 360. Section 22-85 provides that, unless the deed is recorded within one year of the expiration of the governing redemption period, "the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement." 35 ILCS 200/22-85 (West 2012). As noted above, Citi's 2-1401 petition alleged that SASS's failure to record the deed within one year of the expiration of the initial redemption period (which was not properly extended) rendered the tax deed and the order issuing the deed void under section 22-85. A void judgment may be attacked at any time, either directly or collaterally. *CCPI*, 2012 IL App (1st) 101976, ¶ 31*; In re Application of the County Collector*, 397 Ill. App. 3d 535, 542 (2009) (*Devon Bank*). Courts have a duty to vacate and expunge void orders from court records and thus may declare an order void *sua sponte*. *Sirt*, 333 Ill. App. 3d at 359; see also *CCPI*, 2012 IL App (1st) 101976, ¶ 31. In addition, section 2-1401 expressly provides that

been procured by fraud or deception by the tax purchaser or his or her assignee; or (4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in section 22-20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by sections 22-10 through 22-30. 35 ILCS 200/22-45 (West 2012); *Devon*, 397 Ill. App. 3d at 543.

9

"[n]othing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2008). A section 2-1401(f) petition alleging voidness is exempt from the general requirements of section 2-1401 petitions, such as alleging a meritorious defense and due diligence. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002); see also *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 48; *CCPI*, 2012 IL App (1st) 101976, ¶ 31; *Devon Bank*, 397 Ill. App. 3d at 543.

¶ 22        Thus, contrary to SASS's argument, Citi was not required to comply with the requirements of section 2-1401 or section 22-45 of the Code in order to challenge the tax deed or the circuit court's order awarding the deed. *CCPI*, 2012 IL App (1st) 101976, ¶¶ 30-31. Given the evidence presented in this case, the circuit court properly vacated that prior order and granted Citi's motion for summary judgment.

¶ 23        Because we hold that the tax deed at issue is void under section 22-85 and we affirm the circuit court's judgment on that basis, we do not need to address SASS's challenge to the circuit court's additional holding that the tax deed was void because the tax sale notices were so insufficient as to violate due process.

¶ 24                                    CONCLUSION

¶ 25        For the reasons set forth above, the judgment of the circuit court of Will County is affirmed.

¶ 26        Affirmed.