NOTICE
Decision filed 06/02/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190168

NO. 5-19-0168

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (SI Resources, LLC, and Cadijah Brown, | ) | Hamilton County. |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | No. 15-TX-10 |
| | ) | |
| Opal Castleman, Stephen R. Castleman, | ) | |
| William Groome, and Vicki Groome, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondents-Appellees). | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Overstreet and Boie concurred in the judgment and opinion.

**OPINION**

¶ 1    After the circuit court entered an order directing the issuance of a tax deed to Stephen R. Castleman and Opal Castleman, SI Resources, LLC (SI Resources) and Cadijah Brown (Brown) (collectively, petitioners) filed a two-count pleading against the Castlemans and the Castlemans' successors in interest, William Groome and Vicki Groome, seeking to declare the tax deed void pursuant to section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2016)) (count I) and to vacate the order directing the issuance of the tax deed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)). The circuit court granted the Castlemans' and the Groomes' (collectively, respondents) motion to dismiss the petitioners' filing, pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2016)).

1

Petitioners appeal from the circuit court's order dismissing their filing. For the following reasons, we affirm the circuit court's order.

¶ 2                                         BACKGROUND

¶ 3     On January 28, 2013, the Hamilton County treasurer sold the delinquent 2011 real estate taxes on the mineral rights of the subject property, identified as parcel number 08-702-100-04 (property), to Kathy Riley for $79.64, including penalties and costs. The last known person to be assessed taxes for the property, according to the Hamilton County treasurer's records, was "Brown L I Jr." On June 1, 2015, Riley assigned the certificate of purchase for the property to the Castlemans. The original redemption expiration date from the tax sale was September 28, 2015. On June 10, 2015, the Castlemans filed a notice to extend the period of redemption to October 10, 2015.

¶ 4     On June 22, 2015, the Castlemans filed a *pro se* petition for tax deed in the circuit court of Hamilton County, naming the following respondents: L.I. Brown Jr.; Sunrise Exploration, Inc.; the Hamilton County Clerk; unknown owners or interested parties; and nonrecord claimants. On October 19, 2015, the trial court entered an order directing issuance of a tax deed to the Castlemans as the petitioners for the deed.

¶ 5     L.I. Brown Jr. died in March 1981 without a last will and testament, and Brown and her two siblings, Ross Brown (Ross) and Kevin Brown (Kevin), were his only surviving blood relatives. On October 28, 2015, SI Resources purchased the mineral rights to the property from Brown, Ross, and Kevin, via a quitclaim deed. Pursuant to the terms of the quitclaim deed, Brown and her siblings conveyed to SI Resources:

2

"All (100%) of their interest that they may own or be entitled to from the estate of Lee Isaac Brown Jr., including all rights, titles, and royalties, as well as, thirty percent (30%) of all impounded proceeds, and unclaimed suspense, in the [property]."

¶ 6       On November 12, 2015, SI Resources filed a motion, pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2014)), to vacate the October 19, 2015, circuit court order issuing the tax deed to the Castlemans. In the section 2-1203 motion, SI Resources alleged that the order must be vacated because the Castlemans failed to strictly comply with the mandatory notice and diligence requirements set forth in sections 22-5 through 22-40 of the Property Tax Code (35 ILCS 200/22-5 to 22-40 (West 2014)). On December 15, 2015, SI Resources filed an amended section 2-1203 motion to vacate, adding Brown as a petitioner. On December 21, 2015, the Castlemans filed a motion to dismiss the amended section 2-1203 motion, asserting the petitioners lacked standing. On February 29, 2016, the trial court granted the Castlemans' motion to dismiss. SI Resources and Brown appealed.

¶ 7       On August 10, 2017, this court dismissed the appeal for lack of jurisdiction for failing to file a timely notice of appeal. *In re Application for a Tax Deed*, 2017 IL App (5th) 160230-U, ¶ 14. This court held that SI Resources did not have standing to file a section 2-1203 motion because it was not a party to the original action and, thus, its section 2-1203 petition did not extend the time for filing a notice of appeal from a final judgment. *In re Application for a Tax Deed*, 2017 IL App (5th) 160230-U, ¶¶ 13-14.

¶ 8       At some point during the proceedings, the Castlemans assigned the certificate of purchase on the property to the Groomes.[1] On February 29, 2016, the same day that the trial court dismissed

---

[1]The date of the transfer is not included on the certificate of purchase, and there is no evidence in the record as to when this transfer occurred.

the section 2-1203 motion, the Groomes prepared and presented a tax deed for the subject property to the Hamilton County Clerk. The clerk issued the tax deed to the Groomes, and it was recorded with the Hamilton County Recorder of Deeds on that date.

¶ 9    On June 26, 2017, while the first appeal was pending, the petitioners filed a complaint for a writ of *mandamus* against the Hamilton County Clerk arguing the clerk erred in issuing a tax deed to the Groomes in the absence of a circuit court order directing the clerk to do so. The petitioners asserted the clerk "must reform the tax deed" to conform to the circuit court's October 19, 2015, order and issue a tax deed to the Castlemans. In her answer, the clerk confessed error, and agreed to "revert" the tax deed "back to [the Castlemans]." The clerk requested that the court "enter an order directing the county clerk[,] on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." On October 26, 2017, the *mandamus* court issued an agreed order granting the complaint for writ of *mandamus*. On October 27, 2017, the clerk issued a "Corrective Tax Deed" for the subject property to the Castlemans. The corrective tax deed stated that it "corrects" the tax deed recorded on February 29, 2016.[2]

¶ 10    On October 23, 2017, the petitioners filed a two-count pleading in the underlying tax proceeding. Count I of the pleading was a "Section 22-85 Motion to Void Tax Deed," and count II of the pleading was a "[Section] 2-1401/22-45 Petition to Vacate the October 19, 2015 Order Directing Issuance of Tax Deed."[3] The petitioners subsequently filed several amended pleadings.

---

[2]The October 27, 2017, tax deed stated that it "corrects" the tax deeds issued on February 29, 2016, and on August 16, 2017. The record includes a copy of an August 16, 2017, tax deed for the subject property that was issued to the Castlemans. The circumstances that led to the issuance of this tax deed are wholly unexplained by the record or the parties. The existence of, and potential legal effect of, the August 16, 2017, tax deed have not been raised on appeal.

[3]Adding to the list of unexplained phenomena, the petitioners' October 23, 2017, pleading seeking to void the tax deed issued to the Castlemans predates the *mandamus* court's October 26, 2017, order directing the issuance of the tax deed and the October 27, 2017, issuance of and recording of the deed. In

4

Count I of their amended pleading was a "Section 22-85 Motion to Void Tax Deed" requesting the circuit court enter an order voiding the October 27, 2017, tax deed issued to the Castlemans. The petitioners alleged that the tax deed was void because the Castlemans failed to take out and record the deed within one year of October 10, 2015, the redemption period expiration date, as required by section 22-85 of the Property Tax Code. Count II of the pleading was a section 2-1401 petition seeking an order from the circuit court vacating the October 19, 2015, order directing issuance of a tax deed to the Castlemans.[4] In count II, the petitioners alleged the October 19, 2015, order should be vacated (a) pursuant to section 22-45(3) of the Property Tax Code (35 ILCS 200/22-45(3) (West 2016)) because the Castlemans procured the tax deed by fraud through a pattern of deception and concealment regarding notice in violation of sections 22-10, 22-25, and 22-20 of the Property Tax Code (35 ILCS 200/22-10, 22-25, 22-20 (West 2016)) and (b) pursuant to 22-45(4) of the Property Tax Code (35 ILCS 200/22-45(4) (West 2016)) because the Castlemans violated the notice and diligent inquiry requirements of section 22-20 of the Property Tax Code.

¶ 11 The respondents filed a combined section 2-615 and section 2-619 motion to dismiss the petitioners' pleading. The motion sought to dismiss count I, pursuant to section 2-615 of the Code

_____

their original filing, the petitioners indicate the tax deed they are seeking to void was recorded on September 26, 2017. There is no evidence in the record that such a deed exists. The petitioners subsequently amended their filing to state that they were seeking to void the October 27, 2017, tax deed issued to the Castlemans as a result of the *mandamus* action.

[4]Section 2-1401(c) requires the petition to be filed within two years of the entry of the order or judgment from which the petitioner is seeking relief. 735 ILCS 5/2-1401(c) (West 2016). The petitioners maintain that their section 2-1401 petition was timely filed on October 19, 2017, within two years of the October 19, 2015, order directing the issuance of the tax deed. This is incorrect. The section 2-1401 petition was file stamped by the circuit clerk on October 23, 2017, and, thus, was untimely. See *Wilkins v. Dellenback*, 149 Ill. App. 3d 549, 553 (1986) (the "filing" date of a section 2-1401 petition is the date that the petition is received by the circuit clerk, as evidenced by the file stamp). The timeliness of the petition is not an issue on appeal, however, as the statute of limitations is an affirmative defense, which was waived by respondents' failure to raise the issue on appeal results in a waiver of the defense. See *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003) (failure to raise the limitations period as a defense, waives the defense).

(735 ILCS 5/2-615 (West 2016)), for failing to state a claim because the Groomes, as the holders of the tax sale certificate of purchase, took out and recorded a tax deed on February 29, 2016, which was within a year from the expiration of the redemption period. Alternatively, the respondents argued that the October 27, 2017, corrective tax deed should be deemed timely recorded because the recording period was tolled under the provisions of section 22-85. The respondents sought to dismiss count II under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2016)) for lack of standing. The respondents argued the petitioners lacked standing because SI Resources did not acquire its interest in the property until after the deadline for redemption had expired and Brown did not have an interest in the property when the section 2-1401 petition was filed because she had quitclaimed her interest to SI Resources.

¶ 12    On September 24, 2018, the circuit court entered an order dismissing the pleading, in which it treated both counts of the petitioners' pleading as a section 2-1401 petition. Relying on this court's recent decision in *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, the circuit court granted the respondents' motion and dismissed count I pursuant to section 2-615 of the Code and count II pursuant to section 2-619 of the Code. On October 24, 2018, the petitioners filed a motion to reconsider, which the circuit court denied. This appeal follows.

¶ 13                                      ANALYSIS

¶ 14    A section 2-615 motion attacks the legal sufficiency of the complaint and raises the question of whether the complaint states a cause of action upon which relief can be granted. 735 ILCS 5/2-615 (West 2016); *Oldendorf v. General Motors Corp.*, 322 Ill. App. 3d 825, 828 (2001). Section 2-619(a)(9) of the Code provides for the dismissal of an action where the claim "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). Lack of standing is one of the affirmative defenses that may be brought in

6

a section 2-619(a)(9) motion. *Cedarhurst of Bethalto Real Estate, LLC v. Village of Bethalto*, 2018 IL App (5th) 170309, ¶ 16.

¶ 15    When ruling on either a section 2-615 or section 2-619 motion to dismiss, all well-pled facts alleged in the complaint, and all reasonable inference therefrom, are accepted as true and are construed in favor of the nonmoving party. *Cedarhurst of Bethalto Real Estate, LLC*, 2018 IL App (5th) 170309, ¶ 10. Our review is *de novo* because the resolution of either motion is a question of law. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 13. On appeal, this court can affirm the circuit court's dismissal on any ground supported by the record. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 13.

¶ 16                                Section 22-85 Motion

¶ 17    On appeal, the petitioners challenge the circuit court's dismissal of their count I motion to void the October 27, 2017, tax deed pursuant to section 2-615 of the Code. The petitioners assert their count I motion states a claim to void the tax deed because the Castlemans failed to take out, and record the deed, within one year of the expiration of the redemption period, as required by section 22-85 of the Property Tax Code. Specifically, the petitioners contend that the record demonstrates that the period of redemption expired on October 10, 2015, and the Castlemans did not take out, and record their tax deed, until October 27, 2017.

¶ 18    The respondents present several alternative arguments that the record supports a finding that the petitioners have failed to state a claim by demonstrating a violation of section 22-85, including (1) that the *mandamus* court lacked subject matter jurisdiction to declare the Groomes' February 29, 2016, tax deed void, (2) that the Groomes, as the holders of the certificate of purchase on February 29, 2016, complied with section 22-85 by taking out and recording a tax deed within a year of the expiration of the redemption period, (3) that the October 27, 2017, corrective tax deed

7

related back to the February 29, 2016, tax deed because it merely reformed and corrected that deed, and (4) that the tolling provisions of section 22-85 apply. While the parties spar on the question of what constitutes a violation of section 22-85, the ultimate question of whether the circuit court erred in dismissing count I is resolved by a procedural deficiency in the petitioners' pleading.

¶ 19 Section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 2016)) provides that:

"Tax deeds issued under Section 22-40 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Sections 2-1203 or 2-1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under those Sections with respect to final orders and judgments in other proceedings. The grounds for relief under Section 2-1401 shall be limited to:

(1) proof that the taxes were paid prior to sale;

(2) proof that the property was exempt from taxation;

(3) proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22-20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30."

¶ 20 Count I of the petitioners' amended pleading is presented as a "Section 22-85 Motion" to void the October 27, 2017, tax deed. Section 22-85 of the Property Tax Code (35 ILCS 200/22-85 (West 2016)) states that:

8

"Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement. If the holder of the certificate is prevented from obtaining a deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one year period. Certificates of purchase and deeds executed by the clerk shall recite the qualifications required in this Section."

¶ 21 The petitioners assert that a section 22-85 motion attacking a tax deed as void is a recognized motion that is legally distinct from a section 22-45 collateral attack on the circuit court's order directing issuance of a tax deed. The petitioners contend that a section 22-85 motion is a proper vehicle to void a recorded tax deed because section 22-85 does not contain any language limiting the grounds for obtaining relief under the provision. While the petitioners are correct that section 22-85 does not contain any language limiting the type of motion or petition where an alleged violation of that section can be raised, they ignore the fact that section 22-85 is completely silent on the question of the procedure to raise an alleged violation of the statute.

¶ 22 While section 22-85 is silent as to procedure, the Property Tax Code, as a whole, is not. Section 22-45 of the Property Tax Code explicitly provides that a tax deed is *incontestable* except by (1) appeal from the order of the court directing the county clerk to issue the tax deed, (2) a section 2-1203 motion, or (3) a section 2-1401 petition. It is undeniable that the petitioners' count I "Section 22-85 Motion" does not fall into any of these three specifically enumerated categories.

9

¶ 23 The petitioners have asserted that the courts have recognized that there is a "legal distinction" between a section 22-85 motion attacking the validity of a tax deed versus a motion or petition attacking the circuit court's order directing issuance of the tax deed. In support, the petitioners cite to *In re Application of the County Treasurer*, 333 Ill. App. 3d 355 (2002); *In re Application of the County Treasurer*, 2012 IL App (1st) 101976; *In re Application of the County Treasurer & ex officio County Collector*, 2014 IL App (2d) 130995; and *In re Application of the Will County Collector*, 2018 IL App (3d) 160659.

¶ 24 While each of these cases addressed, to some extent, the application of section 22-85, none of these cases support a finding that the petitioners' count I motion is a recognized motion that can be used to collaterally attack the validity of a recorded tax deed. Instead, these cases support a finding that the validity of the tax deed, or the circuit court's order directing issuance of the tax deed, can be challenged based on a failure of the holder of the certificate of purchase to comply with section 22-85, (1) during the pendency of the tax proceeding, (2) in a timely filed section 2-1203 motion to vacate the circuit court's order directing issuance of the tax deed, or (3) in a section 2-1401 petition for relief from the judgment. See *In re Application of the County Treasurer & ex officio County Collector*, 2014 IL App (2d) 130995, ¶ 6 (property owner who redeemed under protest prior to the entry of an order directing issuance of the tax deed argued he was entitled to a refund based on a section 22-85 violation by the holder of the certificate of purchase); *In re Application of the County Treasurer*, 333 Ill. App. 3d at 358 (compliance with section 22-85 raised in a timely section 2-1203 motion to vacate for rehearing or other relief); *In re Application of the Will County Collector*, 2018 IL App (3d) 160659, ¶ 1 (compliance with section 22-85 raised in a section 2-1401 petition).

¶ 25    The one anomaly appears to be *In re Application of the County Treasurer*, 2012 IL App (1st) 101976. In that case, the respondent filed a pleading similar to that which was filed in this case, including a motion to declare the tax deed void pursuant to section 22-85 and a section 2-1401 petition to vacate the order directing issuance of the tax deed.[5] *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 1. In addressing the merits of the respondent's arguments, however, the First District treated the section 22-85 motion to void the tax deed as a section 2-1401(f) petition to void the judgment. *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶¶ 30-31, 45. The petitioners, therefore, have failed to present this court with any authority that would support a finding that their count I, section 22-85 motion, is a recognized motion that can be used to collaterally attack a tax deed. As such, the circuit court did not err in dismissing the petitioners' count I motion for failing to state a claim upon which relief could be granted.

¶ 26    As an aside, while we recognize that both the First District, in *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, and the Third District, in *In re Application of the Will County Collector*, 2018 IL App (3d) 160659, have held that an alleged violation of section 22-85 can be raised in a section 2-1401 petition, it is not clear that these decisions comport with the statutory language or Illinois Supreme Court precedent. As already observed, section 22-45 limits not only the manner in which a tax deed may be contested but also the grounds for relief that can be raised in a section 2-1401 petition challenging the order. Section 22-45 specifically limits the grounds for relief that may be brought under section 2-1401 to allegations that (1) the taxes were paid prior to sale, (2) the property was exempt from taxation, (3) the tax deed was

---

[5]Notably, the petitioners in the case currently before this court are represented by the same law firm that represented the respondent in *In re Application of the County Treasurer*, 2012 IL App (1st) 101976.

procured by fraud or deception by the tax purchaser or his assignee, or (4) a person with a recorded interest was not named as party in the section 22-20 publication notice, and the tax purchaser or his assignee did not make a diligent inquiry and effort to serve the interested person with notice as required by sections 22-10 through 22-30 of the Property Tax Code. Section 22-85 and the failure of the holder of the certificate of purchase to take out and record the tax deed within one year from the expiration of the redemption period are not included among the recognized grounds for relief under a section 2-1401 petition. The Illinois Supreme Court has held that a section 2-1401 petitioner is limited to only those grounds listed in section 22-45 when challenging a tax deed or the circuit court's order directing issuance of a tax deed. *DG Enterprises, LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, ¶¶ 25-32.

¶ 27    Furthermore, to the extent that the decisions in *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, and in *In re Application of the Will County Collector*, 2018 IL App (3d) 160659, relied upon the belief that the failure to comply with section 22-85 rendered the judgment void for purposes of section 2-1401(f), we question the basis for those holdings. While section 22-85 purports to declare the certificate of sale, tax deed, and the tax sale "void" for the failure to timely take out and record the deed, it seems questionable whether a violation of section 22-85 renders the judgment "void" for purposes of section 2-1401(f). Section 2-1401(f) provides the means for collaterally attacking void judgments. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103-04 (2002). "An order is rendered void not by error or impropriety but by lack of jurisdiction by the issuing court." *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983); see also *Sarkissian*, 201 Ill. 2d at 103; *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 25. "[A] tax-sale proceeding is *in rem* and the court acquires jurisdiction over the land when the county collector makes his application for judgment and order for sale." *Vulcan*

12

*Materials Co.*, 96 Ill. 2d at 165. Once the court acquires jurisdiction, it retains jurisdiction "to make all necessary findings and enter all necessary orders supplemental to the original tax sale." *Vulcan Materials Co.*, 96 Ill. 2d at 165. Thus, while section 22-85 purports to "void" the tax deed, it is not clear that a violation of section 22-85 would divest the court of jurisdiction, rending the order and tax deed void, subjecting them to collateral attack via a section 2-1401(f) petition.

¶ 28    Ultimately, we need not decide in this case whether a section 2-1401 petition is a proper vehicle to attack a tax deed or the circuit court's order directing issuance of a tax deed for a violation of section 22-85. Here, the petitioners did not raise their section 22-85 complaint in a section 2-1401 petition, and they have not requested this court to consider it as such. Instead, in the circuit court, the petitioners steadfastly asserted that their motion was not a section 2-1401 petition, going so far as to argue that the circuit court erred in considering it as such. On appeal, we accept the petitioners' contention that their count I, section 22-85 motion to void the tax deed cannot be considered a section 2-1401 petition seeking to vacate the circuit court's order directing issuance of the tax deed. As such, we find that the petitioners' count I, section 22-85 motion to void the tax deed, is not a recognized procedural motion that can be used to contest a tax deed or the order directing issuance of the tax deed. We find the circuit court did not err in granting the respondents' motion to dismiss count I of the petitioners' pleading pursuant to section 2-615 of the Code for failing to state a claim upon which relief could be granted.

¶ 29                            Section 2-1401 Petition

¶ 30    Next, the petitioners argue that the circuit court erred in dismissing count II of their pleading pursuant to section 2-619(a)(9) of the Code for lack of standing. In count II, the petitioners brought a section 2-1401 petition to vacate the October 19, 2015, circuit court order directing the county clerk to issue a tax deed to the Castlemans based on section 22-45(3) and (4) of the Property

13

Tax Code. Relying upon this court's recent decision in *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, the circuit court found that neither petitioner had standing to bring the petition and granted the respondents' motion to dismiss.

¶ 31    This court recently addressed the issue of standing to bring a section 2-1401 petition to attack a tax deed in *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, a case involving some of the same parties currently before this court and a tax deed to the mineral rights in a different parcel of land. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶¶ 1-3, 41-54. In that case, after the redemption period had expired and the circuit court entered an order directing the issuance of a tax deed to the Castlemans, SI Resources purchased the mineral rights to the subject property from Jerry Jean, the delinquent taxpayer, via a quitclaim deed. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶¶ 3-4. Jean and SI Resources each filed a section 2-1401 petition seeking to void or, in the alternative, to vacate, the circuit court's order directing issuance of the tax deed to the Castlemans. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶¶ 6, 9. William Groome, the Castlemans' successor in interest, was granted leave to intervene, and filed motions to dismiss the petitions for lack of standing. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶¶ 7, 9. The circuit court granted Groome's motions. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 10.

¶ 32    On appeal, this court held that Jean did not have standing to bring his section 2-1401 petition to vacate the circuit court's order directing issuance of the tax deed to the Castlemans. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 44. Having quitclaimed his interest in the property to SI Resources prior to the filing of his section 2-1401 petition, this court held that Jean did not have an interest in the property when he filed his petition. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 44.

14

¶ 33    The court then addressed the question of SI Resources' standing to determine whether one who acquired an interest in property after a judgment is entered can then step into the shoes of his predecessor and file a section 2-1401 petition to set aside the judgment. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 47. The court recognized that there are several narrow exceptions to the general rule that a nonparty to a judgment does not have standing to seek relief from that judgment through a section 2-1401 petition. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 48. One of these exceptions includes persons who are "injured by the judgment and will derive benefit from its reversal." *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 48. This court held, however, that this exception only applies to those that would have been injured by the judgment at the time of the judgment's entry. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 48. This court rejected the conclusion that a nonparty can effectively purchase the standing required to file a petition to set aside a judgment pursuant to section 2-1401 and concluded that SI Resources, as a stranger to the judgment at the time that it was entered, did not have standing to set aside the circuit court's order directing issuance of the tax deed because it did not purchase Jean's interest until after that judgment was entered. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 51.

¶ 34    On appeal, the petitioners contend *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, is distinguishable from the case *sub judice* for several reasons. First, they claim that, unlike the property owner in *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, Brown was never divested of title to the property because no valid tax deed was recorded before Brown and her siblings quitclaimed the property to SI Resources. Brown misapprehends this court's analysis of the delinquent taxpayer's interest in the property. See *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 44. Nothing in that case suggests that the original property owner

15

lost standing to challenge the order directing the issuance of a tax deed because title to the property was transferred to the holder of the certificate of purchase when the holder took out and recorded the tax deed. Instead, it was the property owner's act of quitclaiming his interest in the property to another entity, prior to the filing of his section 2-1401 petition, that deprived the first property owner of standing. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 44. This court, in fact, went so far as to state that had Jean retained an interest in the property, instead of quitclaiming his entire interest to SI Resources, Jean would have had standing to file the petition. *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, ¶ 44 n.9.

¶ 35    The same is true in this case. Brown did not have an interest in the property when she filed her section 2-1401 petition in October 2017 because she had already quitclaimed her interest to SI Resources in October 2015. Brown had no interest in the property since October 2015, when she quitclaimed her interest to SI Resources, regardless of whether a valid tax deed had been recorded. Therefore, Brown lacks standing to bring a section 2-1401 petition.

¶ 36    Brown also argues that, unlike Jean, Brown has standing because she retained an interest in the property. Under the quitclaim deed, Brown and her siblings conveyed to SI Resources "[a]ll (100%) of their interest *** including all rights, titles, and royalties, as well as, thirty percent (30%) of all impounded proceeds, and unclaimed suspense." Brown contends that she retained a 70% interest in the future "suspense" of the property under the quitclaim deed. This claim is incorrect.

¶ 37    In this case, the subject property is a mineral interest, which Brown acknowledges is a "royalty interest." A "royalty interest" is the landowner's interest in the oil, gas, or minerals extracted from the land by an "operator," which is an entity that the landowner contracts with to extract the reserves from the land. *Ramsey Herndon LLC v. Whiteside*, 2017 IL 121668, ¶ 5.

16

Brown's proposed interpretation of the quitclaim deed seems illogical, as it would result in Brown conveying to SI Resources "all" of her interest in the property plus another 30% of her interest in the same property. In our view, the only reasonable reading of the quitclaim deed is that Brown conveyed *all* of her future interest in the property and 30% of any proceeds or suspense that had already accumulated up to the date of the conveyance but had yet to be disbursed. See *Ramsey Herndon LLC*, 2017 IL 121668, ¶¶ 20-21 (finding deed that conveyed " 'all of [their] right, title and interest in and to the oil, gas and mineral leases' " was a general grant that included an operator's override interest in the extracted materials). There is no indication that Brown is entitled to any future interest in the property under the quitclaim deed.

¶ 38   Finally, the petitioners request that this court reconsider its holding in *In re Application for a Tax Deed*, 2018 IL App (5th) 170354, that a nonparty must be injured by the judgment at the time of its entry in order to have standing to file a section 2-1401 petition. After careful consideration, we decline to do so. For the foregoing reasons, we find the circuit court did not err in dismissing the petitioners' count II, section 2-1401 petition, for lack of standing pursuant to section 2-619 of the Code.

¶ 39   Based on the foregoing, we affirm the order of the circuit court of Hamilton County dismissing the petitioners' two-count pleading alleging in count I, a "Section 22-85 motion," and in count II, a section 2-1401 petition.

¶ 40   Affirmed.

2020 IL App (5th) 190168

NO. 5-19-0168

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* APPLICATION FOR A TAX DEED | ) | Appeal from the |
| | ) | Circuit Court of |
| (SI Resources, LLC, and Cadijah Brown, | ) | Hamilton County. |
| | ) | |
| Petitioners-Appellants, | ) | |
| | ) | |
| v. | ) | No. 15-TX-10 |
| | ) | |
| Opal Castleman, Stephen R. Castleman, | ) | |
| William Groome, and Vicki Groome, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondents-Appellees). | ) | Judge, presiding. |

---

**Opinion Filed:**    June 2, 2020

---

**Justices:**    Honorable Judy L. Cates, J.

Honorable David K. Overstreet, J., and
Honorable Mark M. Boie, J.
Concur

---

**Attorneys for Appellants**    Mindy S. Salyer, Amanda L. Moressi, Salyer Law Offices, LLC, 33 North Dearborn Street, Suite 1505, Chicago, IL 60602

---

**Attorney for Appellees**    Paul T. Slocomb, Hoffman & Slocomb, LLC, 1115 Locust Street, 4th Floor, St. Louis, MO 63101

---